## MARTIN-BROWN CO. V. WAINSCOTT & PURVIANCE.

### (Case No. 5611

1. PRACTICE—ASSIGNMENTS OF ERROR—Assignments of error that the court erred in its general charge, that the general charge was against the law and evidence, and that the court erred in overruling a motion for a new trial, are too general to be considered.

2. SAME—FORMING ISSUES—In the record of a proceeding for the trial of the right of property, it appeared that issues were tendered by plaintiff, and that counsel of both plaintiff and claimant had signed a written agreement of issues. *Held:* In the absence of proof to the contrary, the written agreement of issues would be considered as substituted for the issues tendered by plaintiff.

3. SAME—ASSIGNMENT OF ERROR—An assignment of error relating to one of two special charges granted, but not specifying which one, is in violation of the rules.

4. PRACTICE—CHARGES—It is no error for the court to allow special charges containing a "more specific definition" and a fuller and more particular explanation than are contained in the general charge.

5. SAME—RECALLING WITNESSES—After the retirement of the jury they recalled a witness and submitted to him a written question, which he answered. *Held:* The action of the court in this respect could not be revised when no objection thereto was saved by bill of exceptions.

APPEAL from Montague. Tried below before the Hon. F. E. Piner.

This suit was a trial of the right to a stock of goods levied upon as the property of A. J. Milburn, of Denver, Montague county, Texas, the attachment being issued at the suit of the Martin-Brown Co., of Ft. Worth, plaintiff below. Appellees, Wainscott & Purviance, claimed the goods as purchasers in good faith and without notice of Milburn's insolvency. A sufficient replevy bond being given, a trial of the right of property was had, which resulted in favor of appellees.

The first, second and eighth assignments of error were: "The court erred in its general charge submitted to the jury." "The general charge of the court is contrary to the law and the evidence." "The court erred in overruling plaintiff's motion for a new trial." The fourth assignment of error recited that "the court erred in sustaining defendants' exceptions to the issues tendered by plaintiff." There were other assignments of error in regard to the manner of reaching a verdict, and the action of the court in granting special charges asked by defendants, and in permitting a witness to be recalled and questioned by the jury after the case was closed.

*Stephens, Matlock & Herbert*, for appellant, cited: Seeligson & Co. v. Brown & Brown, 61 Tex., 180; Traylor v. Townsend, *Id.*, 144; Schneider & Davis v. Sansum, 62 Tex., 201; Greenleve, Block & Co. v. Leon

& H. Blum, 59 Tex., 124; Edrington v. Rogers et al., 15 Tex., 188; 10 Tex., 393; 16 Tex., 34; 19 Tex., 257; 20 Tex., 247; 22 Tex., 50; 24 Tex., 518; 28 Tex., 759.

*Davis & Garnett*, for appellees, as to the sufficiency of the assignments of error, cited : Randall v. Carlisle, 59 Tex., 69; Pearson v. Flannigan, 52 Tex., 266; Railway Company v. Montier, 61 Tex., 122; Hodde v. Susan, 63 Tex., 307; Railway Company v. McNamara, 59 Tex., 255.

WILLIE, CHIEF JUSTICE.—The first, second and eighth assignments of error are too general, and, under the rules of this court, cannot be considered. As to the fourth assignment, there is nothing in the record to show that exceptions were sustained or even taken to the issues tendered by the plaintiff below. There is in the transcript what purports to be issues tendered by the plaintiff, but there is nothing to show what ever became of them. The cause was tried upon issues agreed upon in a writing signed by both plaintiff's and defendants' counsel. This indicates, without proof to the contrary, that these issues were substituted by consent of parties for those tendered by the appellant.

There is nothing in the record to show that the jury were compelled to deliberate as to their verdict for any length of time. It was so stated in the motion for a new trial, but the motion may have been overruled as to this ground, because it was not in accordance with the facts. If this was error, therefore, which it ordinarily would not, be, there is nothing to show that the court forced the jury to remain together against their wish. Neither does the record show that the appellant raised any objection to the jury's being kept together. It is admitted that the special charges given by the court at the instance of the defendants were correct; the only objection made to them is that they were included in the general charge, and were given after the jury had commenced deliberating on the case.

The third assignment of error under which the first of these objections is urged is in violation of the rules, as there were two special charges given by the court, and the assignment does not point out to which the objection is taken. The first of the special charges was a more specific definition of ordinary diligence than was given in the general charge, and the second a charge upon the effect of giving a promissory note in part payment of the goods when bought by a creditor, a matter which was not fully and so particularly put to the jury in the instructions already given.

The record does not show that the special charges were given after the jury had taken the case, and if it did, it is not shown that any ex-

ceptions were taken below to this action of the court. Objections to the questions put to Purviance by the jury, and his answers thereto, were not saved by bill of exceptions, and the court's action in this respect cannot be revised. There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered April 23, 1886.]